## DYER *vs.* STANWOOD, Adr.

On the trial of an appeal from the determination of a commissioner, upon an estate represented insolvent, the court has power to require the creditor to submit to an examination upon oath.

ASSUMPSIT—on appeal from the decision of the commissioner of insolvency, on the estate of William J. Partridge, disallowing the claims of the appellant against said estate.

The declaration was founded upon two promissory notes.

At the trial in the common pleas, the signature of the intestate to the notes was proved. The defence was, that the consideration of the notes was a sale of lottery tickets by the plaintiff to Partridge, contrary to the statute.

The defendant offered evidence tending to show that the notes might probably have been given for tickets, and proved that the plaintiff had been requested by the commissioner to appear before him, and be examined on oath, which he had neglected to do ; and upon this evidence the defendant's counsel moved that the plaintiff be required to appear and submit to an examination on oath touching his claim, which motion was sustained by the court.

The plaintiff, objecting that he was not by law liable to be thus examined, and offering no evidence in support of his claim, other than the notes themselves, a verdict was taken for the defendant, by consent, subject to the opinion of the court upon the foregoing case.

*White* and *I. Bartlett*, for the plaintiff.

*Christie*, for the defendant.

*By the court.* PARKER, J. The statute of July 6, 1826, enacts that the executor or administrator of any estate may require of any person having a claim against such estate, to exhibit the same under oath, which oath shall be annexed to such claim, and certified by the magistrate administering the same.

From the form of the oath prescribed in the statute, it would seem to have been intended to apply especially to accounts; but it is not clear that this statute does not embrace all claims made against an estate.

The statute regulating the settlement and distribution of insolvent estates, passed July 2, 1822, enacts that the commissioners shall have power, if they deem it expedient, to examine on oath the creditor, touching any claim exhibited to them for allowance.

The same statute provides that any creditor may appeal from the determination of the commissioners, and file a declaration upon his demand against the estate; and that "upon 'said declaration such pleadings may be made, issues joined, 'and proceedings had, as the court shall direct or allow," &c.

We have no doubt that this statute authorizes the court to require the creditor, on trial, to submit to an examination on oath. It may be said to be an incident to the appeal; for otherwise the power given to the commissioners to examine the creditor on oath might be rendered nugatory, by the refusal of the creditor to appear before them, and on their

rejecting the claim, by his entering an appeal from that decision. Such seems to have been the attempt in this case.